was no obligation on the part of the city to pay a physician for services rendered in connection with a condition which the medical board and the Board of Trustees of the Police Pension Fund have determined not to be incurred in the discharge of duty. Concur — Silverman, Bloom, Milonas and Kassal, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would modify to remand to the Board of Trustees for reasons stated by Gomez, J. at Special Term.

■ In the Matter of WILLIAM J. UNROCH, an Attorney. — Motion to stay further proceedings granted. Concur — Murphy, P. J., Kupferman, Sandler, Sullivan and Kassal, JJ.

■ In the Matter of STANLEY ROY ROOT, an Attorney. — Cross motion to deny application for reinstatement at this time and for a reference granted insofar as to refer this matter to a hearing panel of the Departmental Disciplinary Committee for the First Judicial Department for further investigation, and the petition for reinstatement held in abeyance pending the outcome of said investigation. Concur — Murphy, P. J., Carro, Asch, Silverman and Bloom, JJ.

■ EILEEN KENNY et al., v LENOX HILL HOSPITAL et al. — Motion to dismiss appeal granted, with $20 costs, as no appeal may be taken from an order entered on default (CPLR 5511). Concur — Murphy, P. J., Kupferman, Sandler, Asch and Milonas, JJ.

■ In the Matter of JOHN J. SWEENEY, an Attorney. — Motion for a stay denied, determination of petition held in abeyance, and respondent suspended from practice as an attorney and counselor at law in the State of New York effective as of July 7, 1983, and until the further order of this court. Concur — Kupferman, J. P., Asch, Silverman, Milonas and Kassal, JJ.

■ In the Matter of PATRICK J. CUNNINGHAM, an Attorney. — Motion for a stay denied, determination of petition held in abeyance, and respondent suspended from practice as an attorney and counselor at law in the State of New York effective as of July 7, 1983, and until the further order of this court. Concur — Ross, J. P., Carro, Fein, Kassal and Alexander, JJ.

## (July 14, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS ROLDAN, Appellant. — Appeal from the judgment of the Supreme Court, New York County (Dickens, J.), rendered April 7 1981, convicting the defendant after a jury trial of kidnapping in the second degree, unlawful imprisonment in the first degree and criminal possession of a weapon in the fourth degree and sentencing him accordingly, held in abeyance and matter remanded for a hearing to settle the transcript in accordance with this memorandum. At trial, the defendant raised the defense that he was not criminally responsible for his conduct as a result of mental disease or defect (Penal Law, § 30.05). As mandated by CPL 300.10 (subd 3), the trial court was required to give the following instruction: " 'A jury during its deliberations must never consider or speculate concerning matters relating to the consequences of its verdict. However, because of the lack of common knowledge regarding the consequences of a verdict of not responsible by reason of mental disease or defect, I charge you that if this verdict is rendered by you there will be hearings as to